JOHN B. BULGOZDY, Cal. Bar. No. 219897
Email:  bulgozdyj@sec.gov
PETER F. DEL GRECO, Cal. Bar No. 164925
Email:  delgrecop@sec.gov

Attorneys for Plaintiff
Securities and Exchange Commission
Rosalind R. Tyson, Regional Director
Andrew G. Petillon, Associate Regional Director
John M. McCoy III, Regional Trial Counsel
5670 Wilshire Boulevard, 11th Floor
Los Angeles, California 90036
Telephone:  (323) 965-3998
Facsimile:  (323) 965-3908

JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>AOB COMMERCE, INC.; AOB ASIA FUND I, LLC; and TERCHI LIAO a/k/a NELSON LIAO,<br><br>Defendants,<br><br>and<br><br>AOB MANAGEMENT, INC.; AOB MEDIA, INC.; AOB TRANSPORTATION, INC.; and AOB VACATIONS, INC.,<br><br>Relief Defendants. | Case No. CV 07-4507 CAS (JCx)<br><br>**JUDGMENT OF PERMANENT INJUNCTION AND OTHER RELIEF AGAINST DEFENDANTS AOB COMMERCE AND AOB ASIA FUND I, LLC, AND RELIEF DEFENDANTS AOB MANAGEMENT, INC., AOB MEDIA, INC., AOB TRANSPORTATION, INC., AND AOB VACATIONS, INC.** |

Plaintiff Securities and Exchange Commission ("Commission") having filed a Complaint and Defendants AOB Commerce and AOB Asia Fund I, LLC, (collectively "AOB Defendants") and Relief Defendants AOB Management, Inc., AOB Media, Inc., AOB Transportation, Inc., and AOB Vacations, Inc., (collectively "Relief Defendants") having entered a general appearance; consented to the Court's jurisdiction over AOB Defendants and Relief Defendants and the subject matter of this action; consented to entry of this Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal from this Judgment:

## I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that AOB Defendants and their agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78j(b), and Rule 10b-5 promulgated thereunder, 17 C.F.R. § 240.10b-5, by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

///

**II.**

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that AOB Defendants and their agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act"), 15 U.S.C. § 77q(a), in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

(a) to employ any device, scheme, or artifice to defraud;

(b) to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

(c) to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

**III.**

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that AOB Defendants and their agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 5 of the Securities Act, 15 U.S.C. § 77e, by, directly or indirectly:

(a) unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

(b) unless a registration statement is in effect as to a security, carrying or

|   |   |   |
|---|---|---|
| 1 |   | causing to be carried through the mails or in interstate commerce, by |
| 2 |   | any means or instruments of transportation, any such security for the |
| 3 |   | purpose of sale or for delivery after sale; or |
| 4 | (c) | making use of any means or instruments of transportation or |
| 5 |   | communication in interstate commerce or of the mails to offer to sell |
| 6 |   | or offer to buy through the use or medium of any prospectus or |
| 7 |   | otherwise any security, unless a registration statement has been filed |
| 8 |   | with the Commission as to such security, or while the registration |
| 9 |   | statement is the subject of a refusal order or stop order or (prior to the |
| 10 |   | effective date of the registration statement) any public proceeding or |
| 11 |   | examination under Section 8 of the Securities Act, 15 U.S.C. § 77h. |

**IV.**

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that AOB Defendants shall pay disgorgement of ill-gotten gains, prejudgment interest thereon, and a civil penalty pursuant to Section 20(d) of the Securities Act, 15 U.S.C. § 77t(d), and Section 21(d)(3) of the Exchange Act, 15 U.S.C. § 78u(d)(3), and that Relief Defendants will disgorge any consideration obtained from AOB Defendants.  The Court shall determine the amounts of the disgorgement and civil penalty upon motion of the Commission.  Prejudgment interest shall be calculated from July 12, 2007, based on the rate of interest used by the Internal Revenue Service for the underpayment of federal income tax as set forth in 26 U.S.C. § 6621(a)(2).

**V.**

In connection with the Commission's motion(s) for disgorgement and/or civil penalties and at any hearing held on such motion: (a) AOB Defendants will be precluded from arguing that they did not violate the federal securities laws as alleged in the Complaint; (b) AOB Defendants and Relief Defendants may not challenge the validity of the Consent or this Judgment; (c) solely for the purposes

of such motion, the allegations of the Complaint shall be accepted as and deemed true by the Court; and (d) the Court may determine the issues raised in the motion on the basis of affidavits, declarations, excerpts of sworn deposition or investigative testimony, and documentary evidence, without regard to the standards for summary judgment contained in Rule 56(c) of the Federal Rules of Civil Procedure.  In connection with the Commission's motion for disgorgement, civil penalties, and/or an order prohibiting Defendant from acting as an officer or director of certain issuers, the parties may take discovery, including discovery from appropriate non-parties.

## VI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that AOB Defendants and Relief Defendants shall comply with all of the undertakings and agreements set forth therein.

## VII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that except as expressly modified herein, all prior orders of the Court issued in this action, including without limitation the Preliminary Injunction Order and Orders (1) Appointing Permanent Receiver and (2) Denying Defendant Liao's Request for Release of Funds, and the asset freeze and receivership provisions set forth therein, shall remain in full force and effect.

## VIII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for all purposes, including without limitation for the purposes of construing, modifying and enforcing the terms of this Judgment.

///

///

**IX.**

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Judgment forthwith and without further notice.

Dated: September 3, 2008

_____
HONORABLE CHRISTINA A. SNYDER
UNITED STATES DISTRICT JUDGE