UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

### CIVIL MINUTES - GENERAL

| Case No. | CV 07-4507 CAS (JCx) | Date | September 23, 2013 |
|---|---|---|---|
| Title | SECURITIES AND EXCHANGE COMMISSION V. AOB COMMERCE, INC ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Monica Salcido | Laura Elias | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants |
|---|---|
| Peter Del Greco | Julio Ramos (Non-Party Intervenor) |

**Proceedings:** **NON-PARTY MARIA BARRAGAN SMITH'S MOTION TO INTERVENE & UNSEAL RECORDS** (Docket #174 filed 08/21/13)

### I.   INTRODUCTION & BACKGROUND

On November 21, 2013, non-party Maria Barragan Smith ("Smith") moved to intervene and unseal records filed in Securities and Exchange Commission v. AOB Commerce, Inc et al., CV 07-4507 CAS (JCx) ("F&G"). In AOB Commerce, the Securities and Exchange Commission ("SEC") alleged that defendants Terchi Liao and AOB Commerce, Inc. perpetrated an investment fraud in violation of federal securities laws. The SEC and defendants eventually reached a settlement. Dkt. 85.

Non-party Smith is lead plaintiff in a putative class action currently pending in Los Angeles County Superior Court. The class action seeks to recover proceeds of the AOB Commerce fraud that are allegedly still being held by third-party beneficiaries of the fraud. Ramos Decl. Ex 3 (Third Amended Class Action Complaint). Smith now moves to intervene in this case and to unseal certain documents filed by the SEC. Specifically, Smith seeks to unseal the declarations of Joseph Palermo and Peter Del Greco, which were submitted in support of the SEC's initial ex parte Application for a Temporary Restraining Order. See Dkt. 4, 5. Smith claims that these documents will assist in the prosecution of her state-court class action. The SEC has filed a statement indicating that they do not oppose Smith's motion. On September 23, the Court held a hearing. After considering Smith's arguments, the Court finds and concludes as follows.

### II.   ANALYSIS

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-4507 CAS (JCx) | Date | September 23, 2013 |
|---|---|---|---|
| Title | SECURITIES AND EXCHANGE COMMISSION V. AOB COMMERCE, INC ET AL. | | |

**A.     Motion to Intervene**

The Ninth Circuit has recognized that non-parties seeking access to judicial records in a civil case may do so by seeking permissive intervention pursuant to Fed. R. Civ. P. 24(b)(2). San Jose Mercury News, Inc. v. U.S. Dist. Ct., 187 F.3d 1096, 1100 (9th Cir. 1999). "A motion for permissive intervention pursuant to Rule 24(b) is directed to the sound discretion of the district court." Id. Ordinarily, there are three prerequisites an applicant seeking permissive intervention under Rule 24(b)(2) must establish: "(1) independent grounds for jurisdiction; (2) the motion is timely; and (3) the applicant's claim or defense, and the main action, have a question of law or a question of fact in common." Id. (internal quotation omitted).

The Court finds that Smith has established these three prongs. First, because Smith seeks intervention to unseal documents, she need not have an independent ground for jurisdiction. See Beckman Indus., Inc. v. Int'l Ins. Co., 966 F.2d 470, 473 (9th Cir. 1992) (finding that when a party seeks to intervene and unseal records, "an independent jurisdictional basis is not required because intervenors do not seek to litigate a claim on the merits").

Second, Smith's motion is timely. In determing whether a motion to intervene is timely, the Court considers the following factors: "(1) the stage of the proceeding at which an applicant seeks to intervene; (2) the prejudice to other parties; and (3) the reason for and length of the delay." League of United Latin Am. Citizens v. Wilson, 131 F.3d 1297, 1302 (9th Cir. 1997). Here, Smith seeks to intervene five years after this case was settled. However, given that Smith seeks to access sealed records to assist the prosecution of a pending state court action, the Court finds that that the first and third factors are satisfied. See San Jose Mercury News, Inc., 187 F.3d at 1101 (9th Cir. 1999) ("[D]elays measured in years have been tolerated where an intervenor is pressing the public's right of access to judicial records."). Furthermore, given the SEC's statement of non-opposition, as well as the absence of any opposition from defendants, intervention is unlikely to prejudice the other parties.

Lastly, Smith satisfies the commonality requirement of Rule 24(b)(2). As discussed above, Smith is currently pursuing a state court action aimed at recovering shareholder losses incurred in the AOB Commerce fraud. Smith claims that unsealing

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-4507 CAS (JCx) | Date | September 23, 2013 |
|---|---|---|---|
| Title | SECURITIES AND EXCHANGE COMMISSION V. AOB COMMERCE, INC ET AL. | | |

the records in this case will aid her in that action. Because both this case and the state court action arise out of the AOB Commerce fraud, there is a "sufficiently strong nexus" to justify intervention. Accordingly, Smith's motion to intervene is granted.

### B.    Motion to Unseal

Courts have historically recognized a general right to inspect and copy public records and documents, including judicial records and documents. See Kamakana v. City & County of Honolulu, 447 F.3d 1172, 1178 (9th Cir. 2006). "Unless a particular court record is one 'traditionally kept secret,' a 'strong presumption in favor of access' is the starting point." Id. (quoting Foltz v. State Farm Mut. Auto. Ins. Co., 331 F.3d 1122, 1135 (9th Cir. 2003)).

Here, this "strong presumption" is bolstered by the SEC's statement of non-opposition to Smith's motion. Because the party that originally filed the Palermo and Del Greco declarations under seal agrees that the declarations should be made available, there are unlikely to be "compelling reasons supported by specific factual findings" sufficient to rebut the presumption of public access. Kamakana v. City & Cnty. of Honolulu, 447 F.3d at 1178. Accordingly, the Court finds that the declarations should be unsealed. However, because the declarations appear to contain personal financial information, should Smith use any unsealed documents or information contained therein in any subsequent legal proceeding, she must do so in accordance with the personal privacy protections provided by Rule 5.2 of the Federal Rules of Civil Procedure.

### IV.    CONCLUSION

In accordance with the foregoing, the Court hereby GRANTS Smith's motion to intervene and unseal documents. Smith shall comply with the personal privacy protections provided by Rule 5.2 of the Federal Rules of Civil Procedure if the unsealed documents are disclosed in subsequent legal proceedings, unless the Los Angeles County Superior Court enters a different order.

IT IS SO ORDERED.

|  | 00 | : | 01 |
|---|---|---|---|
| Initials of Preparer | | MS | |